FROM Case 1:15-cv-24608-JLK   Document 1-2   Entered on FLSD Docket 12/16/2015   Page 1 of 20
(WED)NOV 25 2015 11:26/ST.11:24/No. 7500000311 P 6

Filing # 34587930 E-Filed 11/18/2015 10:38:44 AM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY FLORIDA

GENERAL JURISDICTION DIVISION

AMERICAN PRESIDENT LINES LTD.

CASE NUMBER: 15-26898
CA 01

Plaintiff,

vs.

AQUANITA LLC d/b/a AQUANITA FOODS and
MATTHEW PEREZ

Defendant.

_____/

## COMPLAINT

Plaintiff, AMERICAN PRESIDENT LINES LTD. (APL) by and through its undersigned counsel, files this its Complaint against Defendants AQUANITA LLC d/b/a AQUANITA FOODS (AQUANITA) and MATTHEW PEREZ as follows:

1. The causes of action alleged herein are for recovery of damages in excess of $15,000, exclusive of interest and costs, and are within the jurisdiction of this Court.

2. The Plaintiff is a foreign business entity engaged in business as a vessel operating common carrier.

3. AQUANITA is a Florida limited liability company in business as an importer of seafood products.

4. MATTHEW PEREZ is Managing Member of AQUANITA

5. Venue is proper in this judicial district, where the defendant has its principal place of business.

6. The Defendants are subject to the personal jurisdiction of this Court pursuant to Florida Statutes §48.081; 48.181; and 48.193, as the causes of action alleged arise from defendant AQUANITA's operating, conducting, engaging in, or carrying on a business in this state and MATTHEW PEREZ is a resident of this state.

## COUNT I-BREACH OF INDEMNIFICATION CONTRACTS (LOI's), AQUANITA

The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 above and further alleges as follows:

7. APL entered into contracts of carriage with shipper Huachou Xinhai Aquatic Products Co., Ltd. (hereafter "the Shipper") to carry frozen tilapia filets from China to the United States (hereafter "the bills of lading").

8. The consignee named in the bills of lading is Defendant AQUANITA.

9. APL issued the original bills of lading to the Shipper, which were to be transferred to the consignee AQUANITA once the Shipper had received payment for the cargo.

10. After the cargo arrived in the United States, Matthew Perez of AQUANITA contacted APL and represented that AQUANITA was entitled to receive the cargo but was experiencing delays in receiving the original bills of lading and asked that the cargo be released to AQUANITA without the presentation of the original bills of lading.

11. APL agreed to accept Letters of Indemnity (hereafter "LOIs") provided by AQUANITA pursuant to which AQUANITA agreed to indemnify APL for any liability, loss, damage or expense of whatsoever nature of which APL might sustain by reason of delivering the cargo to AQUANITA without taking up the original bills of lading.

12. Copies of the LOI's signed by Matthew Perez, Managing Member of AQUANITA, are attached hereto as Exhibit .

13. Pursuant to the LOIs, APL delivered the containers carried under the bills of lading to AQUANITA without production of the original bills of lading.

14. After the cargo was delivered to AQUANITA, the Shipper notified APL that it had not been paid for the cargo, that it had not sent the original bills of lading to AQUANITA, and that AQUANITA was not entitled to receive cargo.

15. Because APL released the cargo to AQUANITA without presentation of the original bills of lading, the Shipper notified APL that it was responsible for the value of the cargo released to AQUANITA and demanded payment for the same.

16. The Shipper notified APL that it would file suit in China against APL to recover the damages it had incurred as a result of APL's delivery of the cargo to AQUANITA without presentation of the original bills of lading.

17. Under the terms of the LOIs, AQUANITA agreed to indemnify, defend, and hold harmless APL for any liability, loss, damage or expense it might sustain as a result of delivering the cargo to AQUANITA.

18. APL notified AQUANITA of the claims asserted by the Shipper and the Shipper's threat to file suit against APL in China.

19. APL demanded AQUANITA indemnify, hold harmless, and defend it with respect to the claims of the Shipper against APL.

20. AQUANITA failed and refused to indemnify, hold harmless, and defend APL with respect to the claims of the Shipper against APL, and thereby breached the LOIs and APL has been damaged as a result.

3

21. APL informed AQUANITA that it had entered into settlement negotiations with the Shipper and that it could resolve the Shipper's claim for a reduced amount and that it was the intention of APL to fund the settlement to mitigate damages and reduce exposure.

22. APL tendered the settlement to AQUANITA, however AQUANITA did not take up the tender and failed to defend APL or to fund the settlement of the Shipper's claim.

23. To avoid litigation costs and exposure to a judgment for a greater amount, APL entered into a reasonable settlement agreement with the Shipper.

24. APL notified AQUANITA of the settlement yet despite due demand AQUANITA has failed and refused to pay the amount of the settlement or any part thereof.

25. AQUANITA breached its duty to indemnify APL under the terms of the LOIs by failing to take up APL's tender and failing to fund or reimburse APL for the settlement it entered into with the Shipper and APL has been damaged as a result of AQUANITA's breach.

26. APL has complied with all conditions precedent hereto or the same have been waived.

27. APL has retained the legal services of undersigned counsel and is indebted for attorney's fees expended with respect to this matter.

28. AQUANITA is liable to APL for all damages in relation to the release of the cargo including but not limited to the amount of the settlement with the Shipper and legal fees and expenses incurred in defending against the Shipper's claim and in enforcing the LOI's, including fees and expenses incurred in litigating the instant case.

WHEREFORE, the Plaintiff APL prays that Judgment for damages be entered against defendant AQUANITA and in favor of the Plaintiff, plus interest, costs, attorney fees, and such other and further relief which this Court may deem just and proper.

4

## COUNT II – FRAUD, AQUANITA

The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 above and further alleges as follows:

29. APL was not required to deliver the cargo to the AQUANITA absent presentation of the original bills of lading.

30. Original bills of ladings are often delayed in reaching consignees, and to address such delay vessel operators may agree to deliver cargo to a consignee without presentation of the original bills of lading in return for a Letter of Indemnity from the consignee.

31. The bills of lading identify AQUANITA as the Consignee.

32. As the consignee, AQUANITA is entitled to receive the cargo upon presentation of the original bills of lading.

33. To induce APL to deliver the cargo without presentation of the original bills of lading, the Managing Member of AQUANITA, Matthew Perez, falsely represented that AQUANITA was entitled to receive the cargo but was experiencing delays in the receipt of the original bills of lading.

34. Mr. Perez of AQUANITA knew that his representations were false when he made them to APL.

35. At the time Mr. Perez of AQUANITA represented to APL that AQUANITA was entitled to receive the cargo but was experiencing delays in the receipt of the bills of lading he had received no confirmation that the original bills of lading were being forwarded to AQUANITA or that the Shipper had been paid for the cargo and would be sending the bills of lading to AQUANITA.

36. Relying to its detriment on AQUANITA's false representation, APL agreed to release the cargo to AQUANITA.

37. Having not received payment for the cargo it shipped, the Shipper thereafter threatened to sue APL for delivering the cargo without production of the original bills of lading, which the Shipper maintained in its possession.

38. In order to avoid a lawsuit in China, the expenditure of attorney fees and a judgment for the full value of the Shipper's cargo, APL entered into a reasonable settlement agreement to mitigate damages and thereby incurred damages in the amount of $283,000.00.

39. But for AQUANITA's fraudulent misrepresentation that it was entitled to receive the cargo but was experiencing delays in the receipt of the bills of lading, the cargo would not have been released to AQUANITA and APL would not have been damaged.

WHEREFORE, the Plaintiff APL prays that Judgment for damages be entered against defendant AQUANITA and in favor of the Plaintiff, plus attorney fees, prejudgment interest, costs, and such other and further relief which this Court may deem just and proper.

## COUNT III – FRAUD, MATTHEW PEREZ

The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 above and further alleges as follows:

40. APL was not required to deliver the cargo to the AQUANITA absent presentation of the original bills of lading.

41. Original bills of ladings are often delayed in reaching consignees, and to address such delay vessel operators may agree to deliver cargo to a consignee without presentation of the original bills of lading in return for a Letter of Indemnity from the consignee.

6

42. The bills of lading identify AQUANITA as the Consignee.

43. As the consignee, AQUANITA is entitled to receive the cargo upon presentation of the original bills of lading.

44. To induce APL to deliver the cargo without presentation of the original bills of lading, MATTHEW PEREZ falsely represented that AQUANITA was entitled to receive the cargo but was experiencing delays in the receipt of the original bills of lading.

45. MATTHEW PEREZ knew that his representations were false when he made them to APL.

46. At the time MATTHEW PEREZ represented to APL that AQUANITA was entitled to receive the cargo but was experiencing delays in the receipt of the bills of lading he had received no confirmation that the original bills of lading were being forwarded to AQUANITA or that the Shipper had been paid for the cargo and would be sending the bills of lading to AQUANITA.

47. Relying to its detriment on MATTHEW PEREZ' false representation, APL agreed to release the cargo to AQUANITA.

48. Having not received payment for the cargo it shipped, the Shipper thereafter threatened to sue APL for delivering the cargo without production of the original bills of lading, which the Shipper maintained in its possession.

49. In order to avoid a lawsuit in China, the expenditure of attorney fees and a judgment for the full value of the Shipper's cargo, APL entered into a reasonable settlement agreement to mitigate damages and thereby incurred damages in the amount of $283,000.00.

50. But for MATTHEW PEREZ's fraudulent misrepresentation that AQUANITA was entitled to receive the cargo but was experiencing delays in the receipt of the bills of lading, the

cargo would not have been released to AQUANITA and APL would not have been damaged.

WHEREFORE, the Plaintiff APL prays that Judgment for damages be entered against defendant MATTHEW PEREZ and in favor of the Plaintiff, plus attorney fees, prejudgment interest, costs, attorney fees, and such other and further relief which this Court may deem just and proper.

## COUNT IV – CONVERSION, AQUANITA

The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 50 above and further alleges as follows:

51. Paragraph no. 4 of the LOIs states: "As soon as all original Bill(s) of Lading for the above goods shall have arrived and/or come late into our possession, to produce and deliver the same to you whereupon our liability hereunder shall cease".

52. APL entrusted the cargo to AQUANITA by releasing possession of the cargo to AQUANITA pending AQUANITA's promised production of the original bills of lading under the terms of the LOIs.

53. The LOIs are entrustments of possession pending AQUANITA's presentment of the original bills of lading.

54. AQUANITA has not and cannot produce the original bills of lading to APL.

55. AQUANITA is accordingly obligated to return the cargo but it cannot do so because it has wrongfully sold it to third parties even though it did not have title to the cargo.

56. On or about the dates shown in the LOIs attached hereto, AQUANITA converted to its own use the cargo described in the LOIs valued at $349,000 that APL had the right to possess.

WHEREFORE, the Plaintiff APL prays that Judgment for damages be entered against defendant AQUANITA and in favor of the Plaintiff, plus attorney fees, prejudgment interest, costs, and such other and further relief which this Court may deem just and proper.

## COUNT V – CONVERSION, MATTHEW PEREZ

The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 56 above and further alleges as follows:

57. Paragraph no. 4 of the LOIs states: "As soon as all original Bill(s) of Lading for the above goods shall have arrived and/or come late into our possession, to produce and deliver the same to you whereupon our liability hereunder shall cease".

58. APL entrusted the cargo to AQUANITA by releasing possession of the cargo to AQUANITA pending AQUANITA's promised production of the original bills of lading under the terms of the LOIs.

59. The LOIs are entrustments of possession pending AQUANITA's presentment of the original bills of lading.

60. AQUANITA has not and cannot produce the original bills of lading to APL.

61. AQUANITA is accordingly obligated to return the cargo but it cannot do so because it has wrongfully sold it to third parties even though it did not have title to the cargo.

62. On or about the dates shown in the LOIs attached hereto, AQUANITA converted to its own use the cargo described in the LOIs valued at $349,000 that APL had the right to possess.

63. MATTHEW PEREZ is personally liable for AQUANITA's conversion of the cargo as Managing Member

9

WHEREFORE, the Plaintiff APL prays that Judgment for damages be entered against defendant MATTHEW PEREZ and in favor of the Plaintiff, plus attorney fees, prejudgment interest, costs, and such other and further relief which this Court may deem just and proper.

DATED this __18th__ day of __November__, 2015.

Respectfully submitted,

BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite #700
Miami, Florida 33143
Telephone: (305) 663-0177
Facsimile: (305) 663-0146
By: *//S//Jonathan S. Cooper, Esq.*
Jonathan S. Cooper, Esquire
Florida Bar No: 99376
Email: jcooper@sbiplawusa.com
Attorney for Plaintiff APL

7597/Complaint

IV. Cashiering Exhibit 409-AB
Letter of Indemnity

## LETTER OF INDEMNITY
## FOR UNDERTAKING THE DELIVERY OF CARGO
## WITHOUT SURRENDER OF BILL OF LADING

To: American President Lines, Ltd and/or APL Co. Pte Ltd, as the case may be Date __3/24/15__

Vessel __Asiatic Eclipse__

Voyage No., Load and Discharge Ports in the Bill of Lading __Yo 34.__

Bill of Lading No., Date and Place of Issue __APLU 051637264, Feb 6, 2015, Zhanjiang, GD China__

Shipper __Huazhou Rin Hai Aquatic Products__ Consignee __Aquanitty Foods__

Order Notify Party __Aquanitty Foods__  Place of Shipment __Zhanjiang China__

Name of Party to whom Delivery is to be made __Aquanitty Foods__

Place of Delivery __Maher Terminal New Jersey__  Number, Kind and Description of Goods __4480 cases, Tilapia Foods__

The undersigned party claiming right to delivery is advised that you heretofore issued a negotiable bill or bills of lading covering the above-referenced shipment, and the goods have been discharged at the above-named place of delivery and are being held. The undersigned desires and requests that the goods be delivered to the undersigned party claiming the right to delivery but is presently unable to produce and surrender the bill or bills of lading. Our requests will be addressed to you via fax or email and will reference this letter of undertaking.

To induce you to deliver the goods without the prior production and surrender of the original of such negotiable bill or bills of lading, properly endorsed, and in consideration thereof, we do hereby represent and warrant, with the knowledge and intention that such delivery be made in reliance thereof, as follows:

(1) The undersigned party claiming the right to delivery is entitled to the possession of the goods and to the delivery thereof; (2) the undersigned will use its best efforts to locate and produce such bill or bills of lading and thereupon will promptly deliver and surrender the same to you; and, (3) the undersigned has a financial interest in having the goods delivered as requested. The person executing this undertaking on behalf of the undersigned party has full power and authority to do so.

The undersigned further undertakes and agrees as follows:

1. To indemnify you, your servants and agents and to hold all of you harmless in respect of any liability, loss, damage or expense of whatsoever nature which you may sustain by reason of delivering the cargo in accordance with our request.

2. In the event of any proceedings being commenced against you or any of your servants or agents in connection with the delivery of the cargo as aforesaid, to provide you or them on demand with sufficient funds to defend the same.

**IV. Cashiering**
Letter of Indemnity                                                         Exhibit 400-AB

3. If, in connection with the delivery of the cargo as aforesaid, the ship, or any other ship or property in the same or associated ownership, management or control, should be arrested or detained or should the arrest or detention thereof be threatened, or should there be any interference in the use or trading of the vessel (whether by virtue of a caveat being entered on the ship's registry or otherwise howsoever), to provide on demand such bail or other security as may be required to prevent such arrest or detention or to secure the release of such ship or property or to remove such interference and to indemnify you in respect of any liability, loss, damage or expense caused by such arrest or detention or threatened arrest or detention or such interference, whether or not such arrest or detention or threatened arrest or detention or such interference may be justified.

4. As soon as all original bills of lading for the above cargo shall have come into our possession, to deliver the same to you, or otherwise to cause all original bills of lading to be delivered to you, whereupon our liability hereunder shall cease.

5. The liability of each and every person under this indemnity shall be joint and several and shall not be conditional upon your proceeding first against any person, whether or not such person is party to or liable under this indemnity.

6. This indemnity shall be governed by and construed in accordance with Singapore law and each and every person liable under this indemnity shall at your request submit to the jurisdiction and venue of any court of appropriate jurisdiction in Singapore and agrees that any and all matters and/or disputes arising out of our in connection with this indemnity shall be adjudicated in Singapore.

Executed this 24 day of March, 2015
at 10:30 a.m.

Delivery
[signature]

Party Claiming Right of

By: Matthew Peres

Title: Managing partner

11/20/2014 9:34:00 AM
International Receivables
Policy and Process

IV. Cashiering
Letter of Indemnity

Exhibit 400-AB

# LETTER OF INDEMNITY
## FOR UNDERTAKING THE DELIVERY OF CARGO
## WITHOUT SURRENDER OF BILL OF LADING

To: American President Lines, Ltd and/or APL Co. Pte Ltd, as the case may be    Date 3/24/15

Vessel ASIATIC ECLIPSE

Voyage No., Load and Discharge Ports in the Bill of Lading   V034

Bill of Lading No., Date and Place of Issue  APLU 65157736.5, SEP6, 2015, ZHANJIANG, OR CHINA

Shipper HUAZHOU XINHAI RUBBER PRODUCTS   Consignee  ADVANITY GOODS

Order Notify Party ADVANITY GOODS    Place of Shipment   ZHANJIANG CHINA

Name of Party to whom Delivery is to be made  ADVANITY GOODS

Place of Delivery  APM TERMINAL  Number, Kind and Description of Goods 4 40ft CASES, TOLAPIN FILLETS
NEW JERSEY

The undersigned party claiming right to delivery is advised that you heretofore issued a negotiable bill or bills of lading covering the above-referenced shipment, and the goods have been discharged at the above-named place of delivery and are being held. The undersigned desires and requests that the goods be delivered to the undersigned party claiming the right to delivery but is presently unable to produce and surrender the bill or bills of lading. Our requests will be addressed to you via fax or email and will reference this letter of undertaking.

To induce you to deliver the goods without the prior production and surrender of the original of such negotiable bill or bills of lading, properly endorsed, and in consideration thereof, we do hereby represent and warrant, with the knowledge and intention that such delivery be made in reliance thereof, as follows:

(1) The undersigned party claiming the right to delivery is entitled to the possession of the goods and to the delivery thereof; (2) the undersigned will use its best efforts to locate and produce such bill or bills of lading and thereupon will promptly deliver and surrender the same to you; and, (3) the undersigned has a financial interest in having the goods delivered as requested. The person executing this undertaking on behalf of the undersigned party has full power and authority to do so.

The undersigned further undertakes and agrees as follows:

1. To indemnify you, your servants and agents and to hold all of you harmless in respect of any liability, loss, damage or expense of whatsoever nature which you may sustain by reason of delivering the cargo in accordance with our request.

2. In the event of any proceedings being commenced against you or any of your servants or agents in connection with the delivery of the cargo as aforesaid, to provide you or them on demand with sufficient funds to defend the same.

IV. Cashiering      Exhibit 400-AB
Letter of Indemnity

3. If, in connection with the delivery of the cargo as aforesaid, the ship, or any other ship or property in the same or associated ownership, management or control, should be arrested or detained or should the arrest or detention thereof be threatened, or should there be any interference in the use or trading of the vessel (whether by virtue of a caveat being entered on the ship's registry or otherwise howsoever), to provide on demand such bail or other security as may be required to prevent such arrest or detention or to secure the release of such ship or property or to remove such interference and to indemnify you in respect of any liability, loss, damage or expense caused by such arrest or detention or threatened arrest or detention or such interference, whether or not such arrest or detention or threatened arrest or detention or such interference may be justified.

4. As soon as all original bills of lading for the above cargo shall have come into our possession, to deliver the same to you, or otherwise to cause all original bills of lading to be delivered to you, whereupon our liability hereunder shall cease.

5. The liability of each and every person under this indemnity shall be joint and several and shall not be conditional upon your proceeding first against any person, whether or not such person is party to or liable under this indemnity.

6. This indemnity shall be governed by and construed in accordance with Singapore law and each and every person liable under this indemnity shall at your request submit to the jurisdiction and venue of any court of appropriate jurisdiction in Singapore and agrees that any and all matters and/or disputes arising out of or in connection with this indemnity shall be adjudicated in Singapore.

Executed this _2rd_ day of _March_, 20_15_
at _10:50 am_

Delivery

_[signature]_

Party Claiming Right of

By: Matthew Perez

Title: Managing Partner

IV. Cashiering　　　　　　　　　　　　　　　　　　　　　　　　　　　　Exhibit 400-AB
Letter of Indemnity

# LETTER OF INDEMNITY
## FOR UNDERTAKING THE DELIVERY OF CARGO
## WITHOUT SURRENDER OF BILL OF LADING

To: American President Lines, Ltd and/or APL Co. Pte Ltd, as the case may be    Date  3/24/15

Vessel  **ASIATIC ECLIPSE**

Voyage No., Load and Discharge Ports in the Bill of Lading  **V134**

Bill of Lading No., Date and Place of Issue  **APLU 051637266, Feb 6, 2015 ZHANJIANG, GD CHINA**

Shipper **HUAZHOU YINHAI AQUATIC PRODUCTS**   Consignee **AAVANIYA FOODS**

Order Notify Party **AAVANIYA FOODS**   Place of Shipment **ZHANJIANG CHINA**

Name of Party to whom Delivery is to be made  **AAVANIYA FOODS**

Place of Delivery **MAHER TERMINAL NEW JERSEY**   Number, Kind and Description of Goods **4,440 CASES, TILAPIA FILLETS**

The undersigned party claiming right to delivery is advised that you heretofore issued a negotiable bill or bills of lading covering the above-referenced shipment, and the goods have been discharged at the above-named place of delivery and are being held. The undersigned desires and requests that the goods be delivered to the undersigned party claiming the right to delivery but is presently unable to produce and surrender the bill or bills of lading. Our requests will be addressed to you via fax or email and will reference this letter of undertaking.

To induce you to deliver the goods without the prior production and surrender of the original of such negotiable bill or bills of lading, properly endorsed, and in consideration thereof, we do hereby represent and warrant, with the knowledge and intention that such delivery be made in reliance thereof, as follows:

(1) The undersigned party claiming the right to delivery is entitled to the possession of the goods and to the delivery thereof; (2) the undersigned will use its best efforts to locate and produce such bill or bills of lading and thereupon will promptly deliver and surrender the same to you; and, (3) the undersigned has a financial interest in having the goods delivered as requested. The person executing this undertaking on behalf of the undersigned party has full power and authority to do so.

The undersigned further undertakes and agrees as follows:

1. To indemnify you, your servants and agents and to hold all of you harmless in respect of any liability, loss, damage or expense of whatsoever nature which you may sustain by reason of delivering the cargo in accordance with our request.

2. In the event of any proceedings being commenced against you or any of your servants or agents in connection with the delivery of the cargo as aforesaid, to provide you or them on demand with sufficient funds to defend the same.

IV. Cashiering                                                                Exhibit 400-AB
Letter of Indemnity

3. If, in connection with the delivery of the cargo as aforesaid, the ship, or any other ship or property in the same or associated ownership, management or control, should be arrested or detained or should the arrest or detention thereof be threatened, or should there be any interference in the use or trading of the vessel (whether by virtue of a caveat being entered on the ship's registry or otherwise howsoever), to provide on demand such bail or other security as may be required to prevent such arrest or detention or to secure the release of such ship or property or to remove such interference and to indemnify you in respect of any liability, loss, damage or expense caused by such arrest or detention or threatened arrest or detention or such interference, whether or not such arrest or detention or threatened arrest or detention or such interference may be justified.

4. As soon as all original bills of lading for the above cargo shall have come into our possession, to deliver the same to you, or otherwise to cause all original bills of lading to be delivered to you, whereupon our liability hereunder shall cease.

5. The liability of each and every person under this indemnity shall be joint and several and shall not be conditional upon your proceeding first against any person, whether or not such person is party to or liable under this indemnity.

6. This indemnity shall be governed by and construed in accordance with Singapore law and each and every person liable under this indemnity shall at your request submit to the jurisdiction and venue of any court of appropriate jurisdiction in Singapore and agrees that any and all matters and/or disputes arising out of our in connection with this indemnity shall be adjudicated in Singapore.

Executed this 9.4 day of March, 2015
at 10:49 a.m.

Delivery [signature]

Party Claiming Right of

By: Matthew Perez

Title: Managing partner

IV. Cashloring  
Letter of Indemnity                                                             Exhibit 400-AB

## LETTER OF INDEMNITY
## FOR UNDERTAKING THE DELIVERY OF CARGO
## WITHOUT SURRENDER OF BILL OF LADING

To: American President Lines, Ltd and/or APL Co. Pte Ltd, as the case may be    Date 3/26/15

Vessel ASIATIC ECLIPSE

Voyage No., Load and Discharge Ports in the Bill of Lading 1.34, ZHANJIANG, SAVANNAH GA / YQ4Y, YANTIAN EXPRESS

Bill of Lading No., Date and Place of Issue 0515757269, 2/6/15, GUANGZHOU, C.D CHINA

Shipper HUAZHIUXINHAI AQUATIC PRODUCTS    Consignee AQUANITA FOODS

Order Notify Party AQUANITA FOODS    Place of Shipment CHINA

Name of Party to whom Delivery is to be made AQUANITA FOODS

Place of Delivery SAVANNAH, GA    Number, Kind and Description of Goods 2,200 CASES, TILAPIA FILLETS

The undersigned party claiming right to delivery is advised that you heretofore issued a negotiable bill or bills of lading covering the above-referenced shipment, and the goods have been discharged at the above-named place of delivery and are being held. The undersigned desires and requests that the goods be delivered to the undersigned party claiming the right to delivery but is presently unable to produce and surrender the bill or bills of lading. Our requests will be addressed to you via fax or email and will reference this letter of undertaking.

To induce you to deliver the goods without the prior production and surrender of the original of such negotiable bill or bills of lading, properly endorsed, and in consideration thereof, we do hereby represent and warrant, with the knowledge and intention that such delivery be made in reliance thereof, as follows:

(1) The undersigned party claiming the right to delivery is entitled to the possession of the goods and to the delivery thereof; (2) the undersigned will use its best efforts to locate and produce such bill or bills of lading and thereupon will promptly deliver and surrender the same to you; and, (3) the undersigned has a financial interest in having the goods delivered as requested. The person executing this undertaking on behalf of the undersigned party has full power and authority to do so.

The undersigned further undertakes and agrees as follows:

1. To indemnify you, your servants and agents and to hold all of you harmless in respect of any liability, loss, damage or expense of whatsoever nature which you may sustain by reason of delivering the cargo in accordance with our request.

2. In the event of any proceedings being commenced against you or any of your servants or agents in connection with the delivery of the cargo as aforesaid, to provide you or them on demand with sufficient funds to defend the same.

IV. Cashiering | Exhibit 400-AB
Letter of Indemnity

3. If, in connection with the delivery of the cargo as aforesaid, the ship, or any other ship or property in the same or associated ownership, management or control, should be arrested or detained or should the arrest or detention thereof be threatened, or should there be any interference in the use or trading of the vessel (whether by virtue of a caveat being entered on the ship's registry or otherwise howsoever), to provide on demand such bail or other security as may be required to prevent such arrest or detention or to secure the release of such ship or property or to remove such interference and to indemnify you in respect of any liability, loss, damage or expense caused by such arrest, or detention or threatened arrest or detention or such interference, whether or not such arrest or detention or threatened arrest or detention or such interference may be justified.

4. As soon as all original bills of lading for the above cargo shall have come into our possession, to deliver the same to you, or otherwise to cause all original bills of lading to be delivered to you, whereupon our liability hereunder shall cease.

5. The liability of each and every person under this indemnity shall be joint and several and shall not be conditional upon your proceeding first against any person, whether or not such person is party to or liable under this indemnity.

6. This indemnity shall be governed by and construed in accordance with Singapore law and each and every person liable under this indemnity shall at your request submit to the jurisdiction and venue of any court of appropriate jurisdiction in Singapore and agrees that any and all matters and/or disputes arising out of or in connection with this indemnity shall be adjudicated in Singapore.

Executed this __30__ day of __March__, 20__15__
at __10:48 am__

Delivery [signature]

Party Claiming Right of

By: _Matthew Perez_

Title: _managing partner_

11/20/2014 9:34:00 AM
International Receivables
Policy and Process

IV. Cashiering  
Letter of Indemnity
Exhibit 400-AB

## LETTER OF INDEMNITY
## FOR UNDERTAKING THE DELIVERY OF CARGO
## WITHOUT SURRENDER OF BILL OF LADING

To: American President Lines, Ltd and/or APL Co. Pte Ltd, as the case may be     Date  3/30/15

Vessel  ASIATIC ECLIPSE

Voyage No., Load and Discharge Ports in the Bill of Lading  V 084, HANJIN EXPRESS ZHANJIANG, SAVANNAH GA

Bill of Lading No., Date and Place of Issue  051537270, 2R/16, GUANGZHOU, GD, CHINA

Shipper  HUAZHOU XINHAI AQUATIC PRODUCTS     Consignee  AAVANITH FOODS

Order Notify Party  AAVANITH FOODS     Place of Shipment  CHINA

Name of Party to whom Delivery is to be made  AAVANITH FOODS

Place of Delivery  SAVANNAH, GA     Number, Kind and Description of Goods  YIYU, TILAPIA FILLETS

---

The undersigned party claiming right to delivery is advised that you heretofore issued a negotiable bill or bills of lading covering the above-referenced shipment, and the goods have been discharged at the above-named place of delivery and are being held. The undersigned desires and requests that the goods be delivered to the undersigned party claiming the right to delivery but is presently unable to produce and surrender the bill or bills of lading. Our requests will be addressed to you via fax or email and will reference this letter of undertaking.

To induce you to deliver the goods without the prior production and surrender of the original of such negotiable bill or bills of lading, properly endorsed, and in consideration thereof, we do hereby represent and warrant, with the knowledge and intention that such delivery be made in reliance thereof, as follows:

(1) The undersigned party claiming the right to delivery is entitled to the possession of the goods and to the delivery thereof; (2) the undersigned will use its best efforts to locate and produce such bill or bills of lading and thereupon will promptly deliver and surrender the same to you; and, (3) the undersigned has a financial interest in having the goods delivered as requested. The person executing this undertaking on behalf of the undersigned party has full power and authority to do so.

The undersigned further undertakes and agrees as follows:

1. To indemnify you, your servants and agents and to hold all of you harmless in respect of any liability, loss, damage or expense of whatsoever nature which you may sustain by reason of delivering the cargo in accordance with our request.

2. In the event of any proceedings being commenced against you or any of your servants or agents in connection with the delivery of the cargo as aforesaid, to provide you or them on demand with sufficient funds to defend the same.

IV. Cashiering                                                                        Exhibit 400-AR
Letter of Indemnity

3. If, in connection with the delivery of the cargo as aforesaid, the ship, or any other ship or property in the same or associated ownership, management or control, should be arrested or detained or should the arrest or detention thereof be threatened, or should there be any interference in the use or trading of the vessel (whether by virtue of a caveat being entered on the ship's registry or otherwise howsoever), to provide on demand such bail or other security as may be required to prevent such arrest or detention or to secure the release of such ship or property or to remove such interference and to indemnify you in respect of any liability, loss, damage or expense caused by such arrest or detention or threatened arrest or detention or such interference, whether or not such arrest or detention or threatened arrest or detention or such interference may be justified.

4. As soon as all original bills of lading for the above cargo shall have come into our possession, to deliver the same to you, or otherwise to cause all original bills of lading to be delivered to you, whereupon our liability hereunder shall cease.

5. The liability of each and every person under this indemnity shall be joint and several and shall not be conditional upon your proceeding first against any person, whether or not such person is party to or liable under this indemnity.

6. This indemnity shall be governed by and construed in accordance with Singapore law and each and every person liable under this indemnity shall at your request submit to the jurisdiction and venue of any court of appropriate jurisdiction in Singapore and agrees that any and all matters and/or disputes arising out of our in connection with this indemnity shall be adjudicated in Singapore.

Executed this _30_ day of _March_, 20_12_

at _____

Delivery

_[signature]_

Party Claiming Right of

By: _Matthew Perros_

Title: _Managing Partner_

11/20/2014 9:34:00 AM
International Receivables
Policy and Process